Adam S. Sieff*
Farrah C. Vazquez*
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071-3487
Tel: 213.663.6800
adamsieff@dwt.com
farrahvazquez@dwt.com

Ambika Kumar*
Nicole Saad Bembridge*
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104-1610
Tel: 206.622.3150
ambikakumar@dwt.com
nicolesaadbembridge@dwt.com

*Attorneys for Plaintiff*
MAYDAY HEALTH

Chelsea T. Kelly*
Laura R. Handman*
Azeezat Adeleke*
DAVIS WRIGHT TREMAINE LLP
1301 K Street NW, Suite 500 East
Washington, D.C. 20005-3317
Tel: 202 973.4200
chelseakelly@dwt.com
laurahandman@dwt.com
azeezatadeleke@dwt.com

Wendy S. Heipt*
LEGAL VOICE
907 Pine Street, No. 500
Seattle, Washington 98101-1818
Tel: 2016.954.6798
wheipt@legalvoice.org

Kelly O'Neill (Bar No. 9303)
LEGAL VOICE
P.O. Box 50201
Boise, Idaho 83705
Tel: 208.649.4942
koneill@legalvoice.org

**Pro hac vice* applications forthcoming

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **MAYDAY HEALTH**,<br><br>    Plaintiff,<br><br> vs.<br><br>**RAÚL R. LABRADOR**, Attorney General of Idaho, in his official capacity,<br><br>    Defendant. | Case No.<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

1

**PRELIMINARY STATEMENT**

1.      This action seeks to prevent Defendant Idaho Attorney General Raúl Labrador from punishing Plaintiff Mayday Health for publishing truthful non-commercial information about reproductive healthcare. The Attorney General—who disagrees with the lawful choices people may make with the information Mayday publishes, as well as Mayday's conviction that access to abortion is a fundamental human right—has declared that Idaho law authorizes him to prohibit the promotion of abortions, even through speech alone. And he has repeatedly refused requests to disavow penalizing Mayday's speech under the authorities he claims, forcing Mayday to cancel a contract to display billboards in Idaho. The First Amendment prohibits the Attorney General from restraining Mayday's speech because of his hostility toward Mayday, the information Mayday publishes, or the beliefs that impel Mayday to publish it. Mayday brings this action for declaratory and injunctive relief to prevent further violation of its constitutional rights.

2.      Mayday is a 501(c)(3) non-profit public health education organization dedicated to providing accurate, evidence-based information about reproductive healthcare. Based in New York, Mayday operates a globally accessible website (https://mayday.health) that publishes truthful information about reproductive healthcare, including the safe and effective use of FDA-approved abortion pills such as mifepristone and misoprostol. Mayday does not sell, handle, provide, offer for sale, or distribute any medications. It does not benefit from the sale of abortion medication and has no customers. Nor does it monetize its users' data. Rather, Mayday is a donor-funded information clearinghouse—an educational resource with links to other websites—that provides people with the information they need to make informed reproductive healthcare choices, including (if they want) to terminate pregnancies lawfully and safely despite residing in places that have burdened or outlawed abortion. To raise awareness about reproductive healthcare options in

the United States, Mayday publicizes its website with signs, billboards, and/or other in-person communications to audiences who may find the information it provides and resources to which it links useful—including in states where abortion is restricted.

3.    That is what happened here. Mayday arranged, contracted, and paid for a truck outfitted with a mobile billboard to drive around Nampa, Idaho. The billboard was to say, "Pregnant? Don't want to be? Learn more at www.mayday.health." Because Mayday had previously been unconstitutionally targeted for the same message by state attorneys general in South Dakota, Arkansas, and Mississippi, and because Mayday knew the Attorney General had asserted the overbroad and unconstitutional authority to punish the dissemination of information that could lead an Idahoan to obtain an abortion, Mayday contacted the Attorney General through counsel hoping to avoid defending a meritless state investigation and enforcement action. After Mayday's letters, emails, calls, and voicemails went unanswered, Mayday was forced to cancel the mobile billboard campaign. After doing so, the Attorney General's representatives informed Mayday's counsel that his office would not give "legal advice" or disavow its claimed authority to punish Mayday if it chose to go forward with its planned campaign.

4.    The First Amendment shields Mayday from having to choose between coerced silence and fending off the unrenounced threat of unconstitutional criminal penalties and civil fines for engaging in protected speech. The Attorney General may not use the threat of punishment to prevent Mayday from publishing truthful information on an issue of public concern, *Bartnicki v. Vopper*, 532 U.S. 514, 527–28 (2001), including information about legal abortion services in jurisdictions that have made abortion illegal, *Bigelow v. Virginia*, 421 U.S. 809, 815 n.5 (1975). *Bigelow* is controlling. That case held that a Virginia law criminalizing the dissemination of information that allegedly "encourage[d] or prompt[ed] the procuring of an abortion," *id.* at 811–

12, infringed a Virginia newspaper's right to report on and endorse an organization that facilitated access to abortions because the content "conveyed information of potential interest and value to a diverse audience—not only to readers possibly in need of the services offered, but also to those with a general curiosity about" the subject. *Id.* at 822 & n.7. Virginia had no valid "interest in shielding its citizens" from this information. *Id.* at 827–28. Nor does Idaho.

5.      Mayday requests an order declaring that its proposed mobile billboard campaign and website are protected by the First Amendment, and enjoining the Attorney General from prosecuting Mayday for engaging in such speech under Idaho Code §§ 18-603, 18-607, or 18-622, 18-623—the statutes the Attorney General claims give him authority to shut down speech that supposedly promotes, advertises, or assists abortions—or from taking any action under any law, including the Idaho Consumer Protection Act, Idaho Code § 48-601, to penalize or threaten to penalize Mayday for displaying its mobile billboard in Idaho, or for publishing its website to Idahoans.

## PARTIES

6.      Plaintiff Mayday Health is a 501(c)(3) nonprofit organization existing under the laws of Delaware, with its principal place of business in New York.

7.      Defendant Raúl Labrador is the Attorney General of the State of Idaho. He is sued in his official capacity as he is empowered under Idaho Code § 67-1401 to enforce state laws and bring certain actions on behalf of the State, including under Idaho Code §§ 18-603, 18-607, 18-622, 18-623, 18-204, and 48-601.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(a) because Plaintiff's claims arise under the United States Constitution, as well

as the Civil Rights Act, 42 U.S.C. §§ 1983 and 1988.

9.  This Court has authority under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), to decide this dispute and award relief because it presents an actual case or controversy within the Court's jurisdiction. This Court has authority to issue the requested injunctive relief pursuant to 42 U.S.C. § 1983. And this Court has authority to award attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

10.  Venue is proper in this District because Defendant resides in this District, 28 U.S.C. § 1391(b)(1), and because the injuries giving rise to this action have been and will continue to be suffered by Mayday in this District, 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

### A.    Mayday Publishes Truthful Public Health Information

11.  Mayday is a nonprofit health education organization that operates an online clearinghouse for reproductive health resources at https://mayday.health. The website was launched in June 2022 in response to the U.S. Supreme Court's decision in *Dobbs v. Jackson Women's Health Organization*, 597 U.S. 215 (2022). Attached as **Exhibit 1** is a page capture of Mayday's website, current as of this filing.

12.  Mayday's mission "is to share information about abortion pills, birth control, and gender-affirming care in any state" and "empower people to make their own informed decisions about their own bodies." Ex. 1. It does not pressure or intend for any person to take any particular action in response to the information it provides.

13.  Mayday's website asks the visitor what category of information they are looking for—abortion, morning-after pills, birth control, or gender-affirming care. *See* Ex. 1. For each category, it then provides a series of links to third-party organizations that provide access to such

medical care or other resources. For the abortion category, Mayday provides links to well-established third-party websites including Aid Access, Cambridge Reproductive Health Consultants, A Safe Choice, Abuzz, and We Take Care of Us. Mayday also links to organizations offering supporting services, including the Digital Defense Fund's privacy guide, the Miscarriage and Abortion Hotline, and the If/When/How Repro Legal Helpline.

14.    To raise awareness about the availability of reproductive health services to communities across the country, Mayday publicizes its website through social media platforms like TikTok and Instagram, as well as through signs, billboards, plane-pulled banners, art installations, apparel, and other tangible media. One of Mayday's most common signs, reading "Pregnant? Don't want to be?" with a prompt for consumers to "Learn more" by visiting Mayday's website, is shown below.



15.    Much of the information that Mayday's website links to is from clinicians, lawyers, and health experts. If medically appropriate, some of these third-party websites may provide access to abortion pills, such as mifepristone and misoprostol.

16.    Mayday itself does not sell, handle or benefit from abortion pills and operates independently from organizations that do so. Nor does Mayday itself provide any medical or legal

6

advice, charge any fee, collect any revenue related to the provision of medical or legal services, or obtain any other valuable consideration in exchange for disseminating its message. It does not monetize its users' data.

17.     Rather, Mayday simply wants people to know their options regarding reproductive healthcare. The information it publishes is provided as a donor-funded public service—free of charge to users—as an expression of Mayday's values and beliefs.

18.     Through its website and advocacy, Mayday provides truthful, non-commercial information of public concern, including resources for individuals seeking to understand their reproductive healthcare options.

19.     Mayday's mission is nevertheless controversial. Attorneys General in Mississippi, Arkansas, and South Dakota have threatened or brought sham claims under their states' consumer protection laws in attempts to prevent Mayday from publishing in their states. These Attorneys General have argued that the information Mayday publishes on its website, and on billboards like the one shown above, constitute deceptive commercial speech and/or speech that aids, abets, or solicits criminal activity and is thus unprotected speech integral to criminal conduct. None have prevailed on the merits of these claims.

20.     Mayday believes its work is essential to ensuring that individuals, regardless of their location, can make informed decisions about their health and well-being.

**B.     Attorney General Labrador Claims Authority To Penalize Abortion-Related Speech**

21.     After *Dobbs*, it is a crime to perform or attempt to perform an abortion in Idaho. *See* Idaho Code §§ 18-622, 18-8801. Another provision of Idaho law states that anyone who "willfully publishes any notice or advertisement of any medicine or means for producing or facilitating a miscarriage or abortion" commits a felony. *Id.* § 18-603. And still another statute states that anyone who "offers to sell," "advertises, or displays for sale anything specially designed

7

to terminate a pregnancy" commits a misdemeanor. *Id.* § 18-607. An additional statute, Idaho Code § 18-623, makes it a felony to "recruit" an Idaho minor to obtain an abortion, with the undefined "intent to conceal" their actions from the minor's parent or guardian, even if that health care is lawful. Idaho law also makes any persons who "aid and abet" or otherwise "advise[] and encourage[]" the commission of an Idaho crime to be prosecuted as principal offenders. *Id.* § 18-204. A conviction for any of these crimes carries penalties including jail time and fines. *Id.* §§ 18-112, 18-113.

22.     The Attorney General released an opinion letter on March 27, 2023, asserting broad  enforcement authority under these statutes. The letter is attached as **Exhibit 2.** In it, the Attorney General stresses his view that Idaho law not only empowers him to prosecute persons who provide abortion pills, but also any person generally involved in "the promotion of abortion pills to the public."  His letter makes no exception for speech, such as educational materials, public health information, or advocacy. Although the Attorney General withdrew the opinion letter for procedural reasons, he refused to disavow its substance at a hearing in another case in this District, and the Ninth Circuit has determined that his position stated in the letter thus continues to constitute an actionable threat. *See Planned Parenthood Great Nw., Haw., Alaska, Ind., Ky. v. Labrador*, 122 F.4th 825, 834–36, 845–50 (9th Cir. 2024).

23.     The Attorney General has also taken a broad view of his power to prosecute speech that, in his view, intends to encourage or enable abortions. In defending his authority to prosecute abortion trafficking under Idaho Code § 18-623, for example, the Attorney General argued that "any speech" intended to enable minors to obtain an out-of-state abortion "is integral to criminal conduct" and thus unprotected and subject to penalties. Appellant's Reply Br., *Matsumoto v. Labrador*, No. 23-3787, ECF No. 43.1 at 11 (9th Cir. filed Feb 7, 2024). The Ninth Circuit rejected

that position, affirming the relevant parts of a preliminary injunction because the Attorney General's view of what speech he is allowed to punish "goes well beyond" what the First Amendment allows to reach speech that does not solicit, aid, or abet any criminal activity— especially when that view is considered in conjunction with Idaho's aiding-and-abetting statute. *Matsumoto v. Labrador*, 122 F.4th 787, 811, 813 (9th Cir. 2024). Undeterred, the Attorney General continues to press an expansive view of what abortion-related speech he is empowered to label criminal conduct and prosecute. *See* Def's Mem. in Supp. of Mot. for Summ. J., *Matsumoto v. Labrador*, Case No. 1:23-cv-0323-DKG, ECF No. 137-1 at 15-16 (D. Idaho filed April 16, 2026) (arguing that speech that tends to encourage minors to obtain abortion care, without regard for parental consent, is speech integral to criminal conduct punishable as a deceptive practice).

**C.     Mayday Contracts To Display A Mobile Billboard In Nampa, And Seeks Non-Enforcement Assurances From Attorney General Labrador**

24.     On April 7, 2026, Mayday contracted with a sign-truck operator to display a mobile billboard displaying the message "Pregnant? Don't want to be? Learn more at www.mayday.health" in Nampa, Idaho. The billboard was to be displayed on a truck and driven around Nampa on April, 20, 2026. Mayday made a non-refundable payment of $11,375 to secure the mobile billboard's placement.

25.     Mayday knew displaying the billboard in Nampa was likely to draw a negative reaction from Idaho state officials including the Attorney General. It was aware, for example, of the Attorney General's demonstrated hostility toward abortion, his assertion of broad authority to punish "the promotion of abortion pills," his refusal to disavow that position in open court, and his aggressive litigation positions taking an overbroad view of what types of abortion-related speech are putatively integral to criminal conduct. Given Mayday's own experiences fending off meritless threats from hostile state attorneys general in Mississippi, Arkansas, and South Dakota, Mayday

sought to contact the Attorney General to avoid another needless dispute.

26.    Mayday's counsel accordingly sent formal correspondence by email and FedEx to the Attorney General's office on April 8, 2026. The letter (attached as **Exhibit 3**) explained that Mayday's planned billboard campaign disseminated information and expressed a point of view fully protected by the First Amendment. Among other authorities, the letter cited decisions from a federal district court in the Southern District of New York temporarily enjoining the South Dakota Attorney General from penalizing Mayday for publishing an identical sign earlier this year, *Mayday Health v. Jackley*, 2026 WL 143372 (S.D.N.Y. Jan 17, 2026), and reaffirming that the First Amendment protects Mayday's speech, *Mayday Health v. Jackley*, No. 1:26-cv-00078-KPF, ECF 48 at 15:12-17:4 (S.D.N.Y. Feb. 17, 2026) (preliminary injunction warranted if Court retained jurisdiction). The letter requested confirmation before April 15, 2026, that the Attorney General would take no action to prevent Mayday from displaying that billboard, nor penalize Mayday for doing so, under any state law.

27.    After the requested deadline passed without a response from the Attorney General's office, on the morning of April 17, 2026, Mayday's counsel sent an email forwarding its prior correspondence directly to deputy litigators in his office—James Craig, Aaron Green, and Kyle Grigsby—involved in defending the Attorney General's asserted authority to penalize abortion-related speech in both the *Matsumoto* and *Planned Parenthood* cases. That email is attached as **Exhibit 4**. Receiving no response, Mayday's counsel at around 11:00 a.m. Pacific Time that same day called the Attorney General—including his general line, as well as the direct lines for Craig, Green, and Grigsby—and left individual voice messages with each of them requesting a conversation to discuss the same non-enforcement assurances. The call log is attached as **Exhibit 5**. The Attorney General's office did not return Mayday's calls.

10

**D.      Mayday Suspends Its Billboard Campaign Because The Attorney General  Will Not Renounce Prosecuting Mayday's Speech**

28.      Faced with the threat of impending and unrenounced criminal prosecution, Mayday was forced to suspend the Nampa billboard campaign. On April 17, 2026, Mayday Executive Director Leo Raisner reluctantly instructed the billboard operator to stand down, surrendering Mayday's payment.

29.      But Mayday remains committed to running its campaign. To that end, Mayday's counsel once again contacted Craig on April 27, 2026, requesting the same non-enforcement assurances Mayday sought before. This time—after Mayday had already suspended the billboard campaign—Craig responded in an e-mail attached as **Exhibit 6**. Refusing to disavow bringing an enforcement action against Mayday, Craig stated only that the "Attorney General does not provide legal advice to private parties."  Never mind that Mayday was not seeking legal advice. And never mind that attorneys general—including Attorney General Labrador—routinely enter into non-enforcement, stand-still, and similar agreements with potentially regulated parties.[1]  The message from the Attorney General's office was clear: Mayday should stay silent, or else speak at its peril.

30.      The Nampa billboard campaign remains on pause. Were it not for the continued threat of enforcement under Idaho Code §§ 18-603, 18-607, 18-622, or related provisions like Idaho Code § 48-601 that have been raised to the Attorney General and invoked by analogy by other attorneys general, Mayday would reschedule the mobile billboard to run in Nampa. In fact, while Mayday would like to publish this and other media in Idaho in the future—like gas station placards, boat-pulled signs, and aerial banners—those plans are on hold in light of the Attorney

---

[1] Attorney General Labrador often enters formal arrangements to that effect.  *See* Consent Decree, *Planned Parenthood Great Northwest v. Labrador*, No. 1:23-cv-0142-BLW, ECF No. 193 (D. Idaho filed July 17, 2025); Consent Decree, *In re: Att'y Gen. Investigation of Kootenai Hosp. District*, No. CV25-24-0249 (Idaho Second Jud. Dist. Ct. filed May 10, 2024).

General's unrenounced threats.

**STANDING**

31.     Mayday has standing to seek pre-enforcement declaratory and injunctive relief against the threatened application of Idaho Code §§ 18-603, 18-607, 18-622, and 48-601 against its Nampa billboard campaign because the suppression of its protected speech is a cognizable constitutional injury, traceable to the Attorney General, and redressable by a declaration and an injunction. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992).

32.     Specifically, Mayday has suffered an injury-in-fact under the three-part test for pre-enforcement injury articulated in *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 159 (2014), and applied by the Ninth Circuit in *Planned Parenthood*, 122 F.4th at 836. Mayday intends to but has been reasonably deterred from (i) engaging in constitutionally protected non-commercial speech on a matter of public concern by displaying a mobile billboard in Nampa, (ii) the Attorney General has expressed the view and demonstrated his conviction in open court that speech of this kind is proscribed by the challenged statutory provisions since they promote access to abortion pills, and (iii) there is a credible threat of enforcement because the Attorney General has refused to disavow punishing Mayday for publishing this speech under his broad interpretation of those statutes (or any Idaho law) despite repeated specific requests. *Driehaus*, 573 U.S. at 159. Those injuries are traceable to the Attorney General because they arise from his steadfast refusal to disavow enforcement of the challenged provisions, and are thus redressable by a declaration and an injunction preventing such enforcement.

33.     The Ninth Circuit has repeatedly affirmed plaintiffs' standing in materially identical situations, especially where—as here—their claims seek to vindicate speech rights secured by the First Amendment. *See Planned Parenthood*, 122 F.4th at 838; *Matsumoto*, 122

F.4th at 797-98;  *Peace Ranch, LLC v. Bonta*, 93 F.4th 482, 487 (9th Cir. 2024); *Isaacson v. Mayes*, 84 F.4th 1089, 1101 (9th Cir. 2023); *Tingley v. Ferguson*, 47 F.4th 1055, 1068 (9th Cir. 2022); *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1155 (9th Cir. 2000).

34.     Mayday remains committed to its mission of providing truthful, evidence-based information to the public. But the Attorney General's actions have forced Mayday to weigh the risks of defending bad faith legal actions against its desire to continue its educational efforts. Such government action that forces a speaker to choose between coerced silence and unrenounced criminal penalties is a constitutional injury traceable to the government within this Court's power to redress. Mayday seeks relief from this Court to ensure it can continue to make its informational materials available to those who need it most.

## CLAIM FOR RELIEF

### COUNT I
### Section 1983 Claim for Violation of Plaintiff's First Amendment Rights

35.     Mayday incorporates all prior paragraphs of this Complaint.

36.     The First Amendment protects the publication of truthful information that does not otherwise fall within any defined category of speech excluded from protection.

37.     The First Amendment bars prior restraints of constitutionally protected speech.

38.     The First Amendment bars states from punishing speech that informs audiences about opportunities to obtain abortion services from jurisdictions where those services are legal.

39.     Content-based restrictions on speech are presumptively unconstitutional and may be justified only if the government proves that they are narrowly tailored to further a compelling governmental interest. Viewpoint-based restrictions are a particularly egregious form of content discrimination and are presumptively unconstitutional in any setting.

40.     Mayday's publication of truthful information about reproductive health resources

13

on its website, and in its planned Nampa billboard publicizing that website, is truthful non-commercial speech on a matter of public concern fully protected by the First Amendment. Mayday has taken concrete steps toward publishing this constitutionally protected free expression in Idaho and intends and desires to publish it but for the Attorney General's unrenounced threats.

41. The Attorney General's unrenounced threats to prosecute Mayday's protected speech under Idaho Code §§ 18-603, 18-607, 18-622, and 18-204, among other provisions of Idaho law like § 48-601, violates the First Amendment.

42. Idaho has no legitimate interest, much less a compelling interest, in preventing the dissemination of truthful non-commercial information of public concern about lawful reproductive healthcare options. Prosecuting Mayday for engaging in its planned Nampa billboard campaign accordingly fails strict, intermediate, or any level of First Amendment scrutiny.

## PRAYER FOR RELIEF

Mayday respectfully requests that the Court:

43. Declare that Mayday's planned Nampa billboard stating, "Pregnant? Don't want to be? Learn more at www.mayday.health," and the website it links to, is truthful non-commercial speech on a public issue fully protected by the First Amendment;

44. Declare that Defendant's unrenounced threat to prosecute Mayday for displaying its planned Nampa billboard and publishing its website, under any of Idaho Code §§ 18-603, 18-607, 18-622, 18-623, 48-601, or 18-204, violates the First Amendment as-applied;

45. Preliminarily and permanently enjoin Defendant and his agents, employees, and all persons acting under his direction or control, from taking any action to prosecute, fine, or in any way penalize Mayday, including under any of Idaho Code §§ 18-603, 18-607, 18-622, 18-623, 48-601, or 18-204, for displaying its planned Nampa billboard and publishing its website;

14

46.     Enter judgment in favor of Mayday;

47.     Award Mayday costs and attorneys' fees under 42 U.S.C. § 1988; and

48.     Award Mayday all other such relief as the Court deems just and proper.

Dated:  May 29, 2026

By:____/s/ Adam S. Sieff_____          By:_____/s/ Kelly O'Neill_____
      Adam S. Sieff                 Kelly O'Neill

Adam S. Sieff*          Chelsea T. Kelly*
Farrah C. Vazquez*          Laura R. Handman*
DAVIS WRIGHT TREMAINE LLP          Azeezat Adeleke*
350 South Grand Avenue, 27th Floor          DAVIS WRIGHT TREMAINE LLP
Los Angeles, California 90071-3487          1301 K Street NW, Suite 500 East
Tel: 213.663.6800          Washington, D.C. 20005-3317
adamsieff@dwt.com          Tel: 202 973.4200
farrahvazquez@dwt.com          chelseakelly@dwt.com
           laurahandman@dwt.com
Ambika Kumar*          azeezatadeleke@dwt.com
Nicole Saad Bembridge*
DAVIS WRIGHT TREMAINE LLP          Wendy S. Heipt*
920 Fifth Avenue, Suite 3300          LEGAL VOICE
Seattle, Washington 98104-1610          907 Pine Street, No. 500
Tel: 206.622.3150          Seattle, Washington 98101-1818
ambikakumar@dwt.com          Tel: 2016.954.6798
nicolesaadbembridge@dwt.com          wheipt@legalvoice.org

*Attorneys for Plaintiff*          Kelly O'Neill (Bar No. 9303)
MAYDAY HEALTH          LEGAL VOICE
           P.O. Box 50201
           Boise, Idaho 83705
           Tel: 208.649.4942
           koneill@legalvoice.org

           *Pro hac vice* applications forthcoming

15

# EXHIBIT 1

**This site collects zero data that could identify a visitor.**

    ES

Quick Exit    Donate    Merch    Resources

# What do you need?

**Abortion**

**Morning after pills**    **Birth Control**    **Gender-Affirming Care**

Did you know you can proactively order abortion pills even if you're not currently pregnant? Click here for more info.

Interested in the abortion procedure instead? Go here.

Before going to any external websites, you can take these steps for digital privacy.

This site collects **zero data** that could identify a visitor.     This site collects **zero data** that could identify a visitor.     This site collects **zero data** that could identify a visitor.

       

# Mayday is a reproductive health education nonprofit



**Our Mission** ⌄

Our mission is to share information about abortion pills, birth control, and gender-affirming care in any state. We hope to empower people to make



their own informed decisions about their own bodies.

Our information comes from top clinicians, lawyers and health experts.

Mayday does not ask for any personal info. We do not track info that could be used to identify a visitor to this website. We do not sell, handle or benefit from abortion pills. We are not affiliated with any telehealth providers. We do not give medical or legal advice.

We just want people to know their options.

# Additional Resources

Links to trusted organizations.

Before going to any external websites below, you can take these steps for digital privacy.

---

**Abortion decision support**                                    ⌄

All-Options

---

**Abortion pill FAQs**                                           ⌄

Plan C

---

**What to expect**                                               ⌄

HowToUse

We Testify: Self-managed abortion

We Testify: Abortion 101

Reprocare

---

**Financial support**                                           ⌄

National Network of Abortion Funds

Women's Reproductive Rights Assistance Project

---

## Questions on logistics/delivery times/support while waiting ⌄

r/abortion

Reprocare

I Need an A: Abortion stories

We Testify: Abortion stories

---

## Online/phone medical support ⌄

M+A Hotline

r/abortion

---

## In-person medical support ⌄

Will medical staff know if I've used abortion pills?

Abortion Finder

I Need an A

---

## Emotional support ⌄

Reprocare

Exhale Pro-Voice

---

## Legal support ⌄

If/When/How Repro Legal Helpline

Pregnancy Justice

---

## Privacy support ⌄

Digital Defense Fund

---

## Reproductive Justice ⌄

SisterSong

**State-by-state guide to pills**  ⌄

Plan C

# Donate or Share

Donate Today    Share Us on Social

# Mayday Videos







# Mayday Featured

Page 5
Mayday Health: How To Get Abortion Pills
05 27 2026















Mayday Medicines, Inc. 767 Broadway #1555 New York, New York 10003

For media inquiries only:
media@mayday.health





Privacy Policy          FAQ

# EXHIBIT 2



**STATE OF IDAHO**

OFFICE OF THE ATTORNEY GENERAL

**RAÚL R. LABRADOR**

March 27, 2023

BY HAND DELIVERY

The Honorable Brent Crane
Idaho House of Representatives
Idaho State Capitol
700 W. Jefferson Street, Rm. EW46
Boise, Idaho 83702

     Re:    Request for AG Analysis

Dear Representative Crane:

     This letter is in response to your recent inquiry regarding Idaho's criminal prohibitions on abortion. Specifically, you asked whether Idaho's abortion prohibitions preclude 1) the provision of abortion pills, 2) the promotion of abortion pills, and 3) referring women across state lines to obtain abortion services or prescribing abortion pills that will be picked up across state lines. Idaho law prohibits each of these activities.

     1)    Idaho's criminal prohibition on performing an abortion includes providing abortion pills. Idaho's criminal law defines abortion to mean "the use of *any means* to intentionally terminate the clinically diagnosable pregnancy of a woman with knowledge that the termination by those means will, with reasonable likelihood, cause the death of the unborn child." Idaho Code § 18-604(1) (emphasis added). The criminal abortion statute, to which the statutory definition of "abortion" applies, does not distinguish between an abortion carried out as a medical procedure and an abortion carried out by pills or chemicals; the use of *any means* to carry out an abortion is prohibited. *See* Idaho Code § 18-622.

     2)    Two Idaho criminal statutes prohibit promoting abortion pills to the public. Idaho Code section 18-603 prohibits the promotion of abortion pills, unless the promoter is a licensed physician: "Every person, except licensed physicians . . ., who willfully publishes any notice or advertisement of any medicine or means for

producing or facilitating a miscarriage or abortion . . . is guilty of a felony." Idaho Code § 18-603. Similarly, under Idaho Code section 18-607, "[a] person who . . . offers to sell, . . . advertises, or displays for sale anything specially designed to terminate a pregnancy, or held out by the actor for that purpose, commits a misdemeanor." The statute has several exceptions, but none of them apply to the promotion of abortion pills to the public.

3)    Idaho law prohibits an Idaho medical provider from either referring a woman across state lines to access abortion services or prescribing abortion pills for the woman to pick up across state lines. Idaho law requires the suspension of a health care professional's license when he or she "*assists* in performing or attempting to perform an abortion." Idaho Code § 18-622(2) (emphasis added). The plain meaning of assist is to give support or aid. An Idaho health care professional who refers a woman across state lines to an abortion provider or who prescribes abortion pills for the woman across state lines has given support or aid to the woman in performing or attempting to perform an abortion and has thus violated the statute.

Please let me know if you have any additional questions.

Sincerely,

RAÚL R. LABRADOR
Attorney General

RRL:kw

# EXHIBIT 3

 Davis Wright Tremaine LLP

27th Floor
350 South Grand Avenue
Los Angeles, California 90071

**Adam S. Sieff**
adamsieff@dwt.com
213.633.8618

April 8, 2026

**VIA EMAIL**

Hon. Raul R. Labrador
Idaho Attorney General
700 West Jefferson Street, Suite 210
P.O. Box 83720
Boise, Idaho 83720-0010
AGLabrador@ag.idaho.gov

Re:    Mayday Health Planned Campaign

Dear Mr. Labrador:

This firm represents Mayday Health, a 501(c)(3) non-profit public health education organization that publishes factual information about reproductive healthcare. Mayday Health is not a medical provider and does not prescribe, handle, sell, or earn revenue from any healthcare product or service. Mayday has contracted to display a mobile billboard in Nampa, Idaho on April 20, 2026, stating: "*Pregnant? Don't want to be? Learn more at mayday.health.*" A copy of the billboard is attached. This letter seeks confirmation that your office will take no action to prevent Mayday from displaying that billboard, or penalize Mayday for doing so, under any state law.

Truthful speech about matters of public concern receives virtually absolute protection under the First Amendment. *See Bartnicki v. Vopper*, 532 U.S. 514, 527, 535 (2001); *Garrison v. Louisiana*, 379 U.S. 64, 74 (1964). The government accordingly may not punish or prevent the publication of truthful information about reproductive healthcare, even in states like Idaho that have made most abortions illegal. *See Bigelow v. Virginia,* 421 U.S. 809, 815 n.5 (1975). *Bigelow* is on point. The case held that a Virginia law criminalizing the dissemination of information that allegedly "encourage[d] or prompt[ed] the procuring of an abortion" infringed a Virginia newspaper's protected speech. *Id.* at 812. The First Amendment protected the newspaper's announcement and "editorial endorsement" of an organization that facilitated access to abortions because the content "conveyed information of potential interest and value to a diverse audience— not only to readers possibly in need of the services offered, but also to those with a general curiosity about, or genuine interest in, the subject matter." *Id.* at 822 & n.7. The Supreme Court held Virginia had no valid "interest in shielding its citizens" from this information. *Id.* at 827-28.

Idaho likewise has no power to restrict what Idahoans may read or hear about reproductive healthcare. The Ninth Circuit reaffirmed this principle against your office in *Matsumoto v. Labrador*, 122 F.4th 787, 812 (9th Cir. 2024), where it explained that the First Amendment "squarely protect[s]" providing "[i]nformation and instructions regarding the availability and

Attorney General Labrador
April 8, 2026
Page 2

means of procuring an abortion procedure or drug," including "who the provider is, when and where the procedure would take place, or what a drug would cost."

Please therefore **confirm before April 15, 2026** that your office **will not take any action** against Mayday, the billboard operator Mayday has contracted with, or any other third parties under any state law—including but not limited to the Idaho Consumer Protection Act—either to prevent Mayday from displaying its billboard, or to penalize Mayday, the billboard operator, or any other third party for enabling or causing its display.

A federal court in the Southern District of New York temporarily enjoined the South Dakota Attorney General from penalizing Mayday for publishing identical materials earlier this year, *Mayday Health v. Jackley*, 2026 WL 143372 (S.D.N.Y. Jan. 17, 2026) (entering TRO), and later reaffirmed that the First Amendment protects Mayday's speech, *Mayday Health v. Jackley*, No. 1:26-cv-00078-KPF, ECF 48 at 15:12-17:4 (S.D.N.Y. Feb. 17, 2026) (preliminary injunction warranted if Court retained jurisdiction).  We would expect the same result here.

DAVIS WRIGHT TREMAINE LLP

Adam S. Sieff

# EXHIBIT 4

**From:** Sieff, Adam <AdamSieff@dwt.com>
**Sent:** Friday, April 17, 2026 8:43 AM
**To:** aaron.green@ag.idaho.gov; kyle.grigsby@ag.idaho.gov; james.craig@ag.idaho.gov
**Cc:** Strobel, Melissa <MelissaStrobel@dwt.com>; Kelly, Chelsea <ChelseaKelly@dwt.com>; Handman, Laura <laurahandman@dwt.com>
**Subject:** Fw: Mayday Health Planned Campaign

Aaron, Kyle, and James -

Good morning. I represent Mayday Health. Please see my attached correspondence to your office from last week and let me know, today, if your office can provide the assurances we request. I'm reaching out because you've appeared on pleadings in cases that raise similar issues. We're hoping to avoid any disputes here.

You can call my cell at 818-489-4294 or reach me here by email. I'll follow up by phone with your office as well. Time is pressing so I would very much appreciate a response today so I can advise my client before Monday.

Thank you for your attention,
Adam

**Adam S. Sieff**
**Partner,** Davis Wright Tremaine LLP
**P** 213.633.8618 **E** adamsieff@dwt.com
**A** 350 South Grand Avenue, 27th Floor
Los Angeles, CA 90071

---

**From:** Strobel, Melissa <MelissaStrobel@dwt.com>
**Sent:** Wednesday, April 8, 2026 12:47 PM
**To:** AGLabrador@ag.idaho.gov <AGLabrador@ag.idaho.gov>
**Cc:** Sieff, Adam <AdamSieff@dwt.com>; Kelly, Chelsea <ChelseaKelly@dwt.com>; Handman, Laura <laurahandman@dwt.com>
**Subject:** Mayday Health Planned Campaign

Hon. Raul R. Labrador:

Attached please find correspondence from Adam Sieff, counsel to Mayday Health.
A hard copy will follow via overnight mail.

Best regards,

2

 **Melissa Strobel, CCLS**
**Assistant to John Tate, Mary Haas, Janet Grumer, Sean Sullivan, Vandana Kapur,**
**Adam Sieff & Maria Arakelian |** Davis Wright Tremaine LLP
**P** 213.633.6844  **E** melissastrobel@dwt.com
**A** 350 South Grand Avenue, 27th Floor, Los Angeles, CA 90071

**DWT.COM**  in

# EXHIBIT 5



**(208) 334-4148**
↗ Boise, ID                4/17/26

**(208) 854-8088**
↗ Boise, ID                4/17/26

**(208) 332-3553**
↗ Boise, ID                4/17/26

**\*67 1 (208) 854-8088**
↗ Boise, ID                4/17/26

**(208) 334-4148**
↗ Boise, ID                4/17/26

**\*67 1 (208) 854-8088**
↗ Boise, ID (2)            4/17/26

**(208) 332-3553**
↗ unknown                  4/17/26

**1 (208) 334-2400**
↗ unknown                  4/17/26

# EXHIBIT 6

**Archived:** Friday, May 29, 2026 9:35:30 AM
**From:** James Craig
**Sent:** Mon, 27 Apr 2026 23:26:32
**To:** Wendy Heipt
**Subject:** RE: Check in
**Importance:** Normal
**Sensitivity:** None

---

Hi Wendy,

The Attorney General does not provide legal advice to private parties.

Thanks,

Jim

 **James E. M. Craig** | Division Chief
Civil Litigation and Constitutional Defense
Office of the Attorney General | State of Idaho
O: 208-854-8088 | W: ag.idaho.gov

---

**From:** Wendy Heipt <wheipt@legalvoice.org>
**Sent:** Monday, April 27, 2026 8:38 AM
**To:** James Craig <James.Craig@ag.idaho.gov>
**Subject:** Check in

Hi Jim,

Good morning. I am hoping you have time today for a quick check-in regarding the mobile billboard that Mayday wants to display. As you know, the billboard will state the following, "*Pregnant? Don't want to be? Learn more at mayday.health.*" We want to be sure that neither the AG, nor anyone else, will penalize Mayday or any third party for this display. I would appreciate your response---if you prefer, I am happy to hop on a call. Thank you Jim.

Sincerely,
Wendy


**Wendy Heipt**
**Legal Voice**
Senior Reproductive Justice Counsel
*Pronouns: she/her*
wheipt@legalvoice.org

**GET LEGAL VOICE UPDATES**

*This email is sent by a nonprofit legal organization and may contain information that is privileged and confidential. If you are not the intended recipient, please permanently delete this email and notify us immediately.*

**NOTICE:** This message, including any attachments, is intended only for the individual(s) or entity(ies) named above and may contain information that is confidential, privileged, attorney work product, or otherwise exempt from disclosure under applicable law. If you are not the intended recipient, please reply to the sender that you have received this transmission in error, and then please delete this email.

**CERTIFICATE OF SERVICE**

I hereby certify that on the date set forth below I served a true and correct copy of the foregoing **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** was served by electronic mail upon all registered CM/ECF users, and by United States Postal service upon all non-registered CM/ECF users in this case as indicated below:

Raúl R. Labrador
Office of the Attorney General
State of Idaho
700 W. Jefferson Street
P.O. Box 83720
Boise, ID 83720


Dated this 29th day of May, 2026.


                 */s/ Kelly O'Neill*
                   Kelly O'Neill

16