RAÚL R. LABRADOR
ATTORNEY GENERAL

JAMES E. M. CRAIG, ISB #6365
Chief, Civil Litigation and
Constitutional Defense

BRIAN V. CHURCH, ISB #9391
Lead Deputy Attorney General
Office of the Attorney General
P.O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
james.craig@ag.idaho.gov
brian.church@ag.idaho.gov

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MAYDAY HEALTH,<br><br>    *Plaintiffs*,<br><br>        v.<br><br>RAÚL R. LABRADOR, Attorney General of Idaho, in his official capacity,<br><br>    *Defendant.* | Case No. 1:26-cv-00334-AKB<br><br>**MOTION TO STRIKE AND OBJECTION TO PLAINTIFF'S USE OF RULE 408 MATERIAL** |

Attorney General Raúl Labrador moves this Court to strike Exhibit 1 of Docket 18-1, and any references to it included in the Reply in Support of Plaintiff's Motion for Preliminary Injunction, Docket 18, on the grounds that its inclusion in the record is contrary to Federal Rule of Evidence 408. Further, the Attorney General objects to the Court's consideration of that exhibit and asks the Court to not rely on that exhibit or the information from the exhibit in ruling on the Plaintiff's Motion for a Preliminary Injunction.

Lacking any real evidence to support an argument that there is a credible threat of enforcement from the Attorney General, Plaintiff instead attempts to manufacture standing after it commenced this suit. In its Reply in Support of Plaintiff's Motion for Preliminary Injunction, Plaintiff acknowledges that its standing "turns on whether Mayday now faces a credible threat" of criminal enforcement from the Attorney General. In support of its argument that there is a credible threat, Plaintiff relies on the Attorney General's refusal to enter a consent decree in this case, which offer from the Plaintiff came *after* the Attorney General had filed an opposition to the motion for preliminary injunction raising the fact that Plaintiff lacked pre-enforcement standing. Dkt. 18 at 9, Dkt. 18-1 at 4. To support its assertion that the Attorney General has refused to agree to a consent decree, the Plaintiff cites an email correspondence wherein Plaintiff entered into settlement negotiations with the Attorney General relating to the Motion for Preliminary Injunction, asking the Attorney General to compromise his defense and agree to a consent decree in this case. Dkt. 18-1 at 4. The use of that evidence is in direct contradiction to F.R.E. 408.

Rule 408(a)(2) prohibits the use of "a statement made during compromise negotiations about the claim" in order to "prove or disprove the validity … of a disputed claim." Plaintiff engaged in compromise negotiations with the Attorney General by asking the Attorney General to agree to a consent decree, which in the context of a motion for preliminary injunction would be an

agreement that the plaintiff would be likely to succeed on its claim, in light of the "Attorney General's response to the preliminary injunction motion." Dkt. 18-1 at 4; *see Carson v. Am. Brands, Inc.*, 450 U.S. 79, 86–87 (1981) ("Consent decrees are entered into by parties to a case after careful negotiation has produced agreement on their precise terms. The parties waive their right to litigate the issues involved in the case and thus save themselves the time, expense, and inevitable risk of litigation.") (quoting *U.S. v. Armour & Co.*, 402 U.S. 673, 681 (1971)). The Attorney General's response to that offer is a statement made during compromise negotiations related to Plaintiff's claim and motion for a preliminary injunction. Rule 408 prohibits the use of that as evidence.[1]

Should the Court not strike the evidence as violative of Rule 408, the Attorney General objects to the Court's use of the evidence in ruling on the motion for preliminary injunction and asks the Court to disregard the statement. Whether the Plaintiff has standing, and thus whether the Court has subject matter jurisdiction, "depends on the state of things at the time of the action brought, *i.e.*, at the time the plaintiff commenced suit. Thus, [the Court] assess[es] [Plaintiff's] standing for prospective injunctive relief as of the time when he commenced suit, relying on the allegations in the operative amended complaint." *Gonzalez v. United States Immigr. & Customs Enf't*, 975 F.3d 788, 803 (9th Cir. 2020) (cleaned up). Statements made by the Attorney General's

---

[1] While "the rules of evidence do not apply strictly to preliminary injunction proceedings," *Herb Reed Enters., LLC v. Fla. Ent. Mgmt., Inc.*, 736 F.3d 1239, 1250 n.5 (9th Cir. 2013), the purpose behind Rule 408 nevertheless warrants its enforcement in this context. The purpose of F.R.E. 408 is "to further public policy favoring the compromise and settlement of disputes outside of Court by protecting those statements from use in Court." *State Farm Mut. Auto. Ins. Co. v. Clark*, 626 F. Supp. 3d 1163, 1171 (D. Idaho 2022). Allowing Plaintiff to initiate compromise negotiations and then the next day turn around and use statements made during those very same compromise negotiations to try to prove its case eviscerates the very purpose of the rule and would encourage defendants in these situations to not engage in any type of settlement negotiations.

attorney in the context of compromise negotiations after the suit was commenced is irrelevant in determining whether the Plaintiff had standing at the time it commenced this lawsuit.

Further, the refusal of the Attorney General to agree to a consent decree is not evidence of a credible threat to enforce the challenged laws against Plaintiff. It at most suggests the Attorney General is not willing to agree to have a federal court order issued against him, when the Court has no jurisdiction to do so. It is no small thing for a duly elected state official to have a federal court order hanging over his head, and the related threat of contempt proceedings for any perceived violation of the order by any of his hundreds of employees or thousands of other state employees who might be considered to be his clients. The Attorney General's statement is irrelevant to the Court's decision and should be disregarded.

Finally, the Plaintiff's use of the statement merely shows an attempt to manufacture standing. As the U.S. Supreme Court has made clear, plaintiffs "cannot manufacture standing merely by inflicting harm on themselves based on their fears of hypothetical future harm that is not certainly impending." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 416 (2013).

Therefore, for the above reasons, the Attorney General respectfully requests that the Court strike the exhibit found at Dkt. 18-1 and all related arguments in Dkt. 18 from the record. In the alternative, the Attorney General asks the Court to disregard the statement in determining whether to issue a preliminary injunction.

DATED: July 24, 2026

STATE OF IDAHO
OFFICE OF THE ATTORNEY GENERAL

/s/ *James E. M. Craig*
JAMES E. M. CRAIG
Division Chief, Civil Litigation and
Constitutional Defense

*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT on July 24, 2026 the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which sent a Notice of Electronic Filing to the following persons:

DAVIS WRIGHT TREMAINE LLP
Los Angeles, California

Adam S. Sieff
adamsieff@dwt.com

Farrah C. Vazquez
farrahvazquez@dwt.com

DAVIS WRIGHT TREMAINE LLP
Seattle, Washington

Ambika Kumar
ambikakumar@dwt.com

Nicole Saad Bembridge
nicolesaadbembridge@dwt.com

*Attorneys for Plaintiff*

DAVIS WRIGHT TREMAINE LLP
Washington, DC

Chelsea T. Kelly
chelseakelly@dwt.com

Laura R. Handman
laurahandman@dwt.com

Azeezat Adeleke
azeezatadeleke@dwt.com

LEGAL VOICE
Seattle, Washington

Wendy S. Heipt
wheipt@legalvoice.org

LEGAL VOICE
Boise, Idaho

Kelly O'Neill
koneill@legalvoice.org

/s/ *James E. M. Craig*
JAMES E. M. CRAIG